IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDDIE GENE EVANS,

                Petitioner,

v.

MICHAEL MEISNER, Warden,
Columbia Correctional Institution,

                Respondent.

ORDER

13-cv-730-wmc

---

      Petitioner Eddie Gene Evans, a prisoner presently confined at the Columbia Correctional Institution in Portage, Wisconsin, seeks a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge the revocation of his release on extended community supervision. On February 25, 2014, this court entered an order directing the respondent to answer the petition in compliance with Rule 5 of the Rules Governing Section 2254 Cases, showing cause, if any, why the writ should not issue. Now before the court is Evans's motion for adequate access to the prison law library or computer lab. Dkt. # 8. This motion will be denied for reasons set forth briefly below.

      Evans notes that he was recently found guilty of misconduct and placed in disciplinary segregation for 90 days. Evans provides a copy of the disciplinary hearing statement, which shows that he pled guilty on February 21, 2014, to charges that he violated prison rules by refusing to obey a direct order. Evans reports that prisoners in disciplinary segregation are only allowed to use the library for one 60-minute period per week. Reasoning that this is not enough, Evans explains that he needs additional time in the law library and access to a computer because he has "several looming legal deadlines" and upcoming court appearances.

Evans should understand that this court does not have any authority to act as a general reviewer of internal prison policies. The court's role is limited to protecting an inmate litigant from unconstitutional interference with his right to access the courts. Evans's motion raises no such constitutional concerns here because he was not prevented from filing his initial petition. The Constitution guarantees a prisoner litigant no more than the right to file a sufficiently-pled grievance with a court. *Lewis v. Casey*, 518 U.S. 343 (1996). Although a prison must provide legal resources sufficient to allow a prisoner properly to plead his civil suit, it has no constitutional obligation to provide legal resources that would enable that prisoner to litigate his suit effectively once it has been filed. *See id*. at 354; s*ee also Smith v. Shawnee Library System*, 60 F.3d 317, 322 (7th Cir. 1995) (right of access to courts does not require the state to provide assistance beyond pleading stage).

The court notes that Evans has already filed a lengthy, 68-page habeas corpus petition, which contains ample argument and authority in support of his request for relief. Evans has also included numerous exhibits in support of his petition. As Evans is aware, the approximate deadline for the respondent to answer in this case is April 28, 2014. Dkt. # 5. The respondent will provide the state court record, which contains the last reasoned opinion to address Evan's claims and the parties' briefing with regard to these claims. This means Evans will have access to the arguments that were raised in state court and the governing legal standards. Once the respondent has filed an answer, Evans will have an additional 30 days to submit either an additional brief in support or give written notice that he will rest on his initial brief. There are no other deadlines and no

scheduled court appearances in this case. Evans provides no information showing that more briefing is necessary or that additional time in the law library is required for him to continue litigating this case. Accordingly, his motion for additional access to the law library or computer lab will be denied.

ORDER

IT IS ORDERED that petitioner Eddie Gene Evans's motion for access to the law library and/or computer lab, dkt. # 8, is DENIED.

Entered this 25th day of March, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge