IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDDIE GENE EVANS,

                Petitioner,                              ORDER

v.                                                         13-cv-730-wmc

MICHAEL DITTMAN, Warden,
Columbia Correctional Institution,

                Respondent.

---

Petitioner Eddie Gene Evans filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the revocation of his release from prison on extended community supervision. At the time he filed his petition, Evans was incarcerated by the Wisconsin Department of Corrections at the Columbia Correctional Institution. Recently, however, the court learned that Evans was released on community supervision. On August 22, 2014, the court issued an order directing Evans to show cause why this case should not be dismissed as moot. The court's show cause order has been returned "undeliverable" and unable to forward because Evans has not provided a valid address. (Dkt. # 24).

It is not the obligation of either this court or the clerk's office to search for litigants. Rather, it is the litigant's responsibility to advise the court of any change to his or her contact information. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593, 2008 WL 4922422 (7th Cir. 2008) (affirming the denial of a Rule 60(b) motion where movants claimed they did not receive notice of summary judgment due to a house fire, adding that "all litigants, including *pro se* litigants, are responsible for maintaining communication with the court"); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A]

1

litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."). Evans has clearly failed to provide the court with an accurate, current address. Because Evans has failed to provide a current address, it appears that he has abandoned his petition. It further appears that the petition is now moot.

Accordingly, under the inherent power necessarily vested in a court to manage its own docket, this case will be dismissed without prejudice for want of prosecution. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *Ohio River Co. v. Carrillo*, 754 F.2d 236, 238 n.5 (7th Cir. 1984). Alternatively, the petition will be dismissed as moot.

## ORDER

IT IS ORDERED THAT the habeas corpus petition filed by Eddie Gene Evans is DISMISSED without prejudice for want of prosecution. Alternatively, the petition is DISMISSED as moot. Relief from this order may be granted upon a showing of good cause.

Entered this 8th day of September, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge