IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EDDIE GENE EVANS,

                Petitioner,                            ORDER

v.

                                                        13-cv-730-wmc

MICHAEL DITTMAN, Warden,
Columbia Correctional Institution,

                Respondent.

---

       Petitioner Eddie Gene Evans filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge the revocation of his release from the Wisconsin Department of Corrections on extended community supervision. On September 8, 2014, the court dismissed the petition without prejudice for want of prosecution. Alternatively, the court dismissed the petition as moot due to Evans's release from WDOC custody.

       On October 2, 2014, the court denied Evans's motion to reinstate this case, noting that his petition was moot absent a showing that he continued to suffer "collateral effects" or "legal consequences" as a result of the challenged revocation of his supervised release. *Lane v. Williams*, 455 U.S. 624, 632-33 (1982); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). Evans has now filed a motion for reconsideration, which is construed as one seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e).

       To prevail on a motion under Rule 59(e), the moving party must identify an error of law that merits reconsideration of the judgment. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008); *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 511-12 (7th Cir. 2007). Evans does not make that showing here. In that respect, Evans admits that he is currently incarcerated as the result of a parole revocation proceeding in Louisiana. Evans admits

1

further that, while on parole from Louisiana, Evans was convicted of committing a new offense in Wisconsin in 2004, resulting in a 20-year prison sentence. Evans does not allege facts showing that the revocation of his supervised release in Wisconsin was at all responsible for the revocation of his parole in Louisiana. More importantly, Evans does not show that the dismissal order was entered in error or that he is entitled to relief from the judgment. Accordingly, his motion for reconsideration will be denied.

ORDER

IT IS ORDERED THAT the motion for reconsideration filed by Eddie Gene Evans (Dkt. # 32) is DENIED.

Entered this 15th day of October, 2014.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge